UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO CAMPOS and EMMA CAMPOS,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW DIRECTION EQUIPMENT COMPANY, INC. and NEW DIRECTION EQUIPMENT COMPANY HOLDINGS, INC.,<br><br>    Defendants. | 2:08-CV-00286-LRH-RJJ<br><br>ORDER |

In this action, Plaintiffs Pedro Campos and Emma Campos allege that Pedro Campos suffered severe injuries on March 11, 2004, while using a machine made by Defendants New Direction Equipment Company, Inc. and New Direction Equipment Company Holdings, Inc. Defendants now bring a motion to dismiss (#13[1]) the first amended complaint as untimely. Because the face of Plaintiffs' complaint demonstrates that the applicable statute of limitations bars this action, Defendants' motion to dismiss is granted.

**I.    Facts and Procedural History**

Because the court considers this case on a motion to dismiss, the first amended complaint's allegations are taken as true. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

---

[1] Refers to the court's docket

On or about March 11, 2004, near Caliente, Nevada, Pedro Campos was working with a machine known as a "NDE Vertical Cutter/Mixer/Feeder," which was designed, manufactured, marketed, and sold by Defendants. While Pedro Campos was working with the machine, its "power take-off drive shaft" pulled him, causing him to suffer severe injuries, including the loss of both his arms. These injuries were due to defects in the machine's design, manufacturing, and marketing that made the machine unreasonably dangerous.

In count one of their complaint, Plaintiffs allege that Defendants are strictly liable pursuant to section 402A of the Restatement (Second) of Torts for Pedro Campos's injuries and Emma Campos's loss of consortium. Plaintiffs also allege, in count two, that Defendants' breached the machine's implied warranty of merchantability and the implied warranty of fitness under the Uniform Commercial Code.

**II.   Discussion**

The first matter this court must address is a choice of law issue concerning which state's law applies to Plaintiffs' claims. In their motion to dismiss, Defendants argue that Nevada law applies to each of the claims asserted in the first amended complaint. The court agrees.

Nevada has adopted the Restatement (Second) of Conflict of Laws section 146 for analyzing choice-of-law issues in personal injury cases. *Gen. Motors Corp. v. Eighth Judicial Dist. Court of Nev.*, 134 P.3d 111, 116 (Nev. 2006). As noted by the Nevada Supreme Court in *General Motors Corp.*, per the Restatement, "the rights and liabilities of the parties are governed by the 'local law of the state where the injury occurred' unless 'some other state has a more significant relationship' to the occurrence under the principles stated in section 6." *Id.* The court further stated that

> [t]he general rule in section 146 requires the court to apply the law of the state where the injury took place. We conclude that in order for the analysis to move past this general rule and into the section 6 principles, a party must present some evidence of a relationship between the nonforum state, the occurrence giving rise to the claims for relief, and the parties. If no evidence is presented, then the general rule of section 146

governs.

*Id.*

In the present case, neither party disputes that the relevant injury took place in Nevada, where Pedro Campos was allegedly injured by Defendants' machine. Moreover, neither party has identified any other state with a more significant relationship to the occurrence. In fact, both parties agree that Nevada laws applies. The court will therefore apply Nevada law to Plaintiffs' claims.

The next issue this court must address is whether Nevada's statute of limitation acts to bar Plaintiffs' claims. The court concludes that it does.

The first amended complaint alleges that "on or about March 11, 2004[,]" Pedro Campos sustained severe injuries while using Defendants' machine. (First Am. Compl. (#5) at ¶¶ 7, 9.) Defendants argue that Plaintiffs' action is barred by Nevada's two-year statute of limitations for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." Nev. Rev. Stat. § 11.190(4)(e). Based upon this statute of limitations, Defendants reason that because Plaintiffs allege Pedro Campos was injured on or about March 11, 2004, the instant suit, which was filed on March 6, 2008, is untimely by almost two years.

Plaintiffs, in response, concede that their claims for breach of an implied warranty are barred by Nevada's two year statute of limitations. The court agrees. The Nevada Supreme Court has held that personal injury actions are subject to the two-year statute of limitations, regardless of whether a plaintiff labels his claim as one sounding in contract or tort. *Blotzke v. Christmas Tree, Inc.*, 499 P.2d 647, 647 (Nev. 1972). Plaintiffs do, however, dispute Defendants' contention that their strict products liability claim is subject to the two-year statute of limitations. Instead, Plaintiffs argue that the applicable statute of limitations is Nevada's catchall statute of limitations, which provides, "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued." Nev. Rev. Stat. § 11.220.

3

The primary authority Plaintiffs rely upon for their argument is a decision from this district, *Fisher v. Professional Compounding Centers of America, Inc.*, in which the court stated that "Nevada has a four year statute of limitations for products liability cases. Nev. Rev. Stat. § 11.220 (statute of limitations for actions not specifically provided for in other sections)." 311 F. Supp. 2d 1008, 1017 (D. Nev. 2004). The court finds that *Fisher*'s pronouncement is not persuasive. As an initial matter, the *Fisher* court's statement regarding a four-year statute of limitations for products liability actions was not its holding. The court concluded that because there was evidence the plaintiff knew of her injury only two months before filing suit, a grant of summary judgment for the defendants based upon on the statute of limitations would be inappropriate. *Id.* at 1018. Thus, whether the statute of limitations was four years (or even one year) was not necessary to the court's denial of summary judgment.[2]

More importantly, this court finds that Plaintiffs' claims fall plainly within Nevada's two-year statute of limitations. Because the Nevada Supreme Court has not squarely addressed what statute of limitations applies to a strict products liability action, this court must predict how the Nevada Supreme Court would decide this issue "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Arizona Elec. Power Co-op v. Berkely*, 59 F.3d 988, 991 (9th Cir. 1995).

As mentioned previously, Nevada provides a two-year statute of limitations for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." Nev. Rev. Stat. § 11.190(4)(e). Plaintiff's argument in opposition to this statute of limitation is that its inclusion of the word "wrongful" requires scienter and thus does not apply to a strict products

---

[2]Both parties fail to recognize that there is dictum from the Nevada Supreme Court to support a two-year statute of limitations for a strict products liability claim. In *Bender v. Clark Equipment Co.*, the court noted that the plaintiff had filed his case two days before the two-year statute of limitations of *Nevada Revised Statutes* section 11.190(4)(e) had run. 897 P.2d 208, 208 (Nev. 1995). In that case, the plaintiff alleged a manufacturer "negligently and *defectively* manufactured a forklift . . . ." *Id.* (emphasis added).

4

liability action.

The Plaintiffs' argument is belied by the nature of a strict products liability action. Strict products liability sounds in tort. A tort, by definition and by its very nature, is a wrongful action. In the most classic work on the law of torts, Prosser and Keeton declare, "Broadly speaking, a tort is a *civil wrong*, other than breach of contract, for which the court will provide a remedy in the form of an action for damages." W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* 2 (5th ed. 1984) (emphasis added); *see also Black's Law Dictionary* 1526 (8th ed. 2004) ("tort . . . 1. A *civil wrong*, other than breach of contract, for which a remedy may be obtained, usu. in the form of damages . . . .") (emphasis added).

Moreover, courts' willingness to recognize strict products liability is essentially a recognition that, notwithstanding a defendant's culpability, the act of putting an unreasonably dangerous product on the market is an ill, or wrong, for which society will require redress. *See* Keeton, *supra*, at 695. This type of value judgment is essentially the rationale for all tort law, *id.* at 6-7, and is as applicable to strict products liability as it is for torts like battery and false imprisonment. As such, the court concludes that a strict products liability claim falls within Nevada's two-year statute of limitations for personal injury actions.

Finally, the court will address Plaintiffs' argument that even if the two-year statute of limitation is applicable, the so-called discovery rule operates to make Plaintiffs' action timely. As an initial matter, Defendants are entirely correct that Plaintiffs' "supplemental responses," the second of which contains their argument regarding the discovery rule, are nothing more than surreplies. Plaintiffs filed the first of these "supplemental responses" after Defendants filed their reply and proceeded to address matters that had already been raised in the motion to dismiss. The impropriety of such a filing should be plain to Plaintiffs' counsel, who implicitly acknowledged as much in the "Motion for Leave of Court to Accept Previously Filed Plaintiff's Supplemental Response and Second Supplemental Response to Defendant's Motion to Dismiss." There, counsel

1  writes that "defendants' reply to plaintiff's opposition provoked more intense research, which
2  plaintiffs filed in its Supplemental Response." (Mot. for Leave of Ct. (#20) at 2.)  The obvious
3  response to this contention is that the time for "intense research" was when Defendants' filed their
4  motion to dismiss.  Surreplies are not warranted because counsel happened to think of additional
5  arguments after the motion to dismiss was fully briefed.
6        Nevertheless, in an abundance of fairness to Plaintiffs, the court has considered the
7  discovery rule's applicability and finds it does not operate to make Plaintiffs' claims timely.  The
8  flaw in Plaintiffs' arguments regarding the discovery rule is largely procedural.  As noted by the
9  United States Supreme Court in *Jones v. Bock*, if a complaint's allegations show that relief is
10 barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to
11 state claim.  549 U.S. 199, 215 (2007).   Here, because the court is entertaining a motion to dismiss
12 under Federal Rule of Civil Procedure 12(b)(6), the court's inquiry is generally confined to the
13 complaint.  The complaint's allegations, however, fail to state a claim because the applicable
14 statute of limitations operates to bar any personal injury action occurring on March 11, 2004.  *See*
15 *also Prescott v. United States*, 523 F. Supp. 918, 940 (D. Nev. 1981) ("A plaintiff who relies upon
16 this 'delayed discovery' rule must plead facts justifying delayed accrual of his action.  The
17 complaint must allege: (1) the time and manner of discovery, and (2) the circumstances excusing
18 delayed discovery.").
19       IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#13) is GRANTED
20 without prejudice.
21 ///
22 ///
23 ///
24 ///
25 ///
26

6

1  IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave of Court to Accept
2  Previously Filed Plaintiff's Supplemental Response and Second Supplemental Response to
3  Defendant's Motion to Dismiss (#20) is GRANTED.
4  IT IS SO ORDERED.
5  DATED this 16th day of January, 2009.

```
                              _____
                              LARRY R. HICKS
                              UNITED STATES DISTRICT JUDGE
```