UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PEDRO CAMPOS and EMMA CAMPOS,<br><br>    Plaintiffs,<br><br>v.<br><br>NEW DIRECTION EQUIPMENT COMPANY, INC. and NEW DIRECTION EQUIPMENT COMPANY HOLDINGS, INC.,<br><br>    Defendants. | 2:08-CV-00286-LRH-RJJ<br><br>ORDER |

    Before the court are four motions: (1) Plaintiffs Pedro Campos and Emma Campos's Motion for Reconsideration of Order Dismissing First Amended Complaint (#31), (2) Plaintiffs' Motion for Leave of Court to Amend and Supplement His Complaint (#32), (3) Plaintiffs' March 4, 2009, Request for Oral Hearing (#38), and (4) Plaintiffs' March 12, 2009, Request for Oral Hearing (#40).

    On January 16, 2009, this court granted Defendants' motion to dismiss the first amended complaint. In that order, this court held that the face of Plaintiffs' complaint revealed Plaintiffs' claims were barred by the applicable statute of limitations, and therefore Plaintiffs failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court also declined to consider the affidavit Plaintiffs attached to their second surreply because the court's inquiry on a Rule 12(b)(6) motion is limited to the face of the complaint.

Plaintiffs now move this court to reconsider its January 16, 2009, order, arguing that the court should have converted Defendants' motion to dismiss to a motion for summary judgment after Plaintiffs submitted the affidavit. The court will deny Plaintiffs' motion for reconsideration. On a Rule 12(b)(6) motion, whether to exclude matters outside the pleadings is a decision committed to the court's discretion. *See* Fed. R. Civ. P. 12(d); *Stein v. United Artists Corp.*, 691 F.2d 885, 889 (9th Cir. 1982); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(d)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). The court therefore did not err by refusing to consider Plaintiffs' proffered affidavit.

Turning now to Plaintiffs' motion to amend, in its order granting Defendants' motion to dismiss, the court did not indicate whether it was granting Plaintiffs' leave to file another amended complaint. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. Visx, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Because Defendants do not argue further amendment would be futile, the court will allow the amendment as a matter of course. This leave to amend, however, is without prejudice to any arguments Defendants may make concerning whether the second amended complaint fails to state a claim.

Finally, because oral argument is unnecessary at this time, the court denies Plaintiffs' two motions for an oral hearing

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration of Order Dismissing First Amended Complaint (#31) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave of Court to Amend and Supplement His Complaint (#32) is GRANTED.

1  IT IS FURTHER ORDERED that Plaintiffs' March 4, 2009, Request for Oral Hearing
2  (#38) is DENIED.
3  IT IS FURTHER ORDERED that Plaintiffs' March 12, 2009, Request for Oral Hearing
4  (#40) is DENIED.
5  IT IS SO ORDERED.
6  DATED this 6th day of April 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3